## METROPOLITAN LIFE INS. CO. *v.* CALLEN.

(*Common Pleas of New York City and County, General Term.* April 1, 1889.)

PRINCIPAL AND SURETY—EVIDENCE—BOND—INSURANCE AGENTS.
    An insurance agent's bond provided that the total amount of the weekly premiums in the life-policy register, after deducting the total weekly premiums in the lapsed policy register, were to be debited to the agent's account each week, and that the balance should be considered as having been absolutely received by him for the company, and that the latter should not be bound to prove that the agent had received.

the premiums of each policy-holder. *Held*, in an action on the agent's bond for a default, that the books kept by him, and accounts rendered by him in the course of his official duty, were admissible against the surety. Modifying 3 N. Y. Supp. 242.

On motion for reargument. For opinion on former hearing, see 3 N. Y. Supp. 242.

Argued before VAN HOESEN and DALY, JJ.

*George E. P. Howard*, for appellant. *Earley & Prendergast*, for respondent.

VAN HOESEN, J. See 2 Whart. Ev. § 1212, and cases cited. The book (Exhibit C) which Lane kept, and the accounts rendered by him in the course of his official duty, (Exhibit D,) were both competent evidence against the surety. They were a basis from which the amount of Lane's indebtedness could be obtained by calculation. They were properly received in evidence. Then Lane swore, on cross-examination, that whatever he had received he had paid over to the plaintiff. The only question in this case is, was the justice warranted in holding this general and sweeping statement sufficient to overcome the written evidence contained in the two exhibits, C and D, and the result of the calculations made upon said exhibits? If the justice was wrong in accepting Lane's statement that he has paid over all money that he had collected, then there should be a reargument. But whether there should be a reargument, or not, we cannot stand by the former opinion of the general term which is clearly erroneous in holding that the Exhibits C and D were not evidence against the surety. The cases, as well as section 1212, 2 Whart. Ev., make it plain that these exhibits are admissible against the surety.

DALY, J., concurs.