### LEVITT *v.* PRUDENTIAL LIFE INS. CO.

*(Common Pleas of New York City and County, Additional General Term. June 1, 1891.)*

INSURANCE AGENTS—LIABILITY FOR PREMIUMS—LAPSED POLICIES.

> Plaintiff, an agent for a life insurance company, agreed with the company, defendant, that, "on Monday of each week, I [plaintiff] am to be debited with the amount of the weekly premiums shown on the Life Policy Register, less the total amount of the weekly premiums shown on policies entered in the Lapsed Policy Register for that week; and it is agreed that the company is not bound to prove that I have received the premiums from each particular holder, but that the amount so shown shall be considered as being absolutely received by me on behalf of the company." In an action by plaintiff to recover a deposit made to secure performance of his contract, it appeared that the premiums for lapsed policies which had been in his hands amounted to $67.43. *Held,* that defendant was entitled to the whole of that amount or none, under the above agreement, and that it was error to allow plaintiff credit for any part thereof, in the absence of evidence that the company knew that any of the policies delivered to plaintiff were not collectible.

Appeal from ninth district court.

Action by Philip Levitt against the Prudential Life Insurance Company. From a judgment for plaintiff, defendant appeals.

Argued before BOOKSTAVER and BISCHOFF, JJ.

*W. O. Campbell,* for appellant. *S. Mullen,* for respondent.

BOOKSTAVER, J. This action was brought to recover $50 deposited with the defendant as security for the faithful performance of his duty by the plaintiff as an agent of the defendant, and for work, labor, and services, amounting in all to $58.85. The answer was a general denial, and a counter-claim for $118. There is no substantial dispute about the facts in this case. When the plaintiff was appointed an agent of the defendant he deposited the sum of $50 with the Howard Savings Institution of Newark, N. J., in the name of both parties. It was agreed between them that in the event of a deficiency, for any cause, in the plaintiff's account as agent, the amount deposited, with all additions made by way of interest or dividends, or such portion thereof as might equal the amount of the deficiency, might be withdrawn by the company from the savings institution, and retained by it for the payment of such deficiency; the surplus, if any, to be paid to the plaintiff. When the plaintiff entered into the employment of the defendant, a printed agreement was executed between them, the seventh clause of which provides "that, on Monday of each week, I [the plaintiff] am to be debited with the amount of the weekly premiums shown on the Life Policy Register, less the total amount of the weekly premiums shown on policies entered in the Lapsed Policy Register for that week; and it is agreed that the company is not bound to prove that I have received the premium from each particular policy-holder, but that the amount so shown shall be considered as being absolutely received by me on behalf of the company." On the trial it was shown, without contradiction, that the premiums for lapsed policies which had been in the plaintiff's hands for collection amounted to $67.43. The justice has apparently allowed for

only a portion of this, and not for the whole amount. We think, under the terms of the provision of the agreement above set forth, either the whole of this amount, or none of it, should have been allowed, as the testimony makes no distinction as to any of it, and the plaintiff was liable to the defendant for the whole or none. There is nothing in the evidence to show that this agreement was obtained through any fraud, false representations, or duress on the part of the defendant. On the contrary, it appears that he voluntarily entered into the agreement. It does not appear that he was ignorant of its terms, or the effect of those terms; nor was it shown on the trial that the policies given to him for collection were known to the company to be incapable of collection, or that any fraud or imposition was practiced upon him in respect thereto. Under these circumstances, we think the plaintiff is bound by the agreement which he made, and, under the proof given upon the trial, the whole amount uncollected should have been allowed the defendant. The exhibits offered in evidence by the defendant, being memoranda made by the plaintiff, are in the nature of accounts stated, as between the agent and the company, and they were properly received in evidence, without objection. *Insurance Co.* v. *Callen*, 4 N. Y. Supp. 833. The judgment should therefore be reversed, and a new trial ordered, with costs to abide the event.